# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

URBAN ELEVATION LLC,

    Plaintiff

v.

NICHOLAS ALEXANDER,

    Defendant

Case No. 2:24-cv-02262-JAD-NJK

**ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING CASE**

ECF Nos. 1, 3

On December 13, 2024, the magistrate judge entered the following report and recommendation [ECF No. 3]:

### I. Magistrate Judge Authority

The Court first evaluates its authority to address the matter. The authority of the undersigned magistrate judge is derived from 28 U.S.C. § 636, which generally provides magistrate judges with the authority to "hear and determine" non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). By contrast, dispositive matters are sometimes referred to magistrate judges, but in those circumstances a magistrate judge submits a recommendation to the assigned district judge that is subject to the district judge's de novo review. *See* 28 U.S.C. § 636(b)(1)(B); *see also CMKM Diamonds*, 729 F.3d at 1259-60. Section 636 specifically enumerates eight different types of matters to be treated as "dispositive." See 28 U.S.C. § 636(b)(1)(A)-(B). When a matter falls outside of those expressly enumerated as dispositive, courts look to the nature and effect of the issued ruling to determine whether the underlying matter should be considered dispositive or non-dispositive. *See, e.g., Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).

---

[1] Given the Court's separate duty to ensure that it has subject matter jurisdiction over the dispute before it, the Court need not address whether Defendant qualifies to proceed *in forma pauperis*.

The Ninth Circuit has held that remanding a case to state court, while not case-dispositive, is dispositive of proceedings in federal court and is therefore beyond the authority of magistrate judges. *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). As such, the undersigned will issue a report and recommendation to the assigned district judge. *See id*.

**II.   Standards**

Cases may be removed from state court to federal court based on the existence of federal subject matter jurisdiction. 28 U.S.C. § 1441. The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994), and there is a strong presumption against removal jurisdiction, *Gaus v. Miles*, 980 F.2d. 564, 566 (9th Cir. 1992). "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. Removing defendants bear the burden of establishing that removal is proper. *Id*. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

    a.   Federal Question Jurisdiction

"Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). The "well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. v. Locyer v. Dynegy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2003) (internal citations omitted). The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id*. (internal citations omitted). Moreover, defenses and counterclaims cannot be used to establish federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Here, there is no apparent federal question as Defendant seeks to remove an unlawful detainer action and his notice indicates that the underlying claim involves his eviction. Docket Nos. 1-2, 1-1 at 3. Defendant submits that federal question jurisdiction exists because Plaintiff

"violate[d] several federal statutes" such as 15 U.S.C 1692 and the Fair Credit Reporting Act. *Id.* at 1. Defendant's defense alleging violations of federal law cannot be used as a basis for federal question jurisdiction.

      b. Timeliness

28 U.S.C. § 1446 provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Here, proof of service for the underlying state complaint was filed on September 23, 2024. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of state court records). Defendant filed his answer on October 4, 2024, Docket No. 1-2 at 4, and removed the case to this Court on December 6, 2024. *See* Docket No. 1. Thus, Defendant's notice of removal is untimely.

Accordingly, the undersigned **RECOMMENDS** that this case be **REMANDED** to state court for lack of subject matter jurisdiction. In light of this recommendation, the Court **DENIES** Defendant's application to proceed *in forma pauperis*. Docket No. 1.

Dated: December 13, 2024

                                                              Nancy J. Koppe
                                                              United States Magistrate Judge

### Order Adopting Report and Recommendation

The deadline for any party to object to this recommendation was December 27, 2024, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 3] is ADOPTED** in its

entirety. **This case is REMANDED back to the Justice Court, Township of Las Vegas, Clark County, Nevada, Case No. 24CO25654, Department 4,** for lack of subject-matter jurisdiction; the application to proceed in forma pauperis **[ECF No. 1] is DENIED**; and the Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: January 7, 2025

4